UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PHILLIP JEAN-LAURENT,

      Plaintiff,

v.

C.O. R. LOS,
C.O. J. DAMSTETTER,

      Defendants.
_____

**DECISION
and
ORDER

12-CV-132S(F)**

APPEARANCES:  PHILLIP JEAN-LAURANT, *Pro Se*
         300-13-00230
         14-15 Hazen Street
         East Elmhurst, New York 11370

         ERIC T. SCHNEIDERMAN
         New York State Attorney General
         Attorney for Defendants
         STEPHANIE JOY CALHOUN, of Counsel
         Main Place Tower, Suite 300A
         350 Main Street
         Buffalo, New York 14202

## JURISDICTION

This case was referred to the undersigned for all pretrial matters by order of Hon. William M. Skretny filed on October 23, 2013 (Doc. No. 22). It is presently before the court on Plaintiff's motion to compel filed July 10, 2013 (Doc. No. 14) ("Plaintiff's motion").

## BACKGROUND and FACTS[1]

In this action pursuant to 42 U.S.C. § 1983, Plaintiff alleges Defendants Los and Damstetter ("Defendants") interfered with his First Amendment right to the free exercise

---

[1] Taken from the pleadings and papers filed in this matter.

of his Islamic religious tenets ("Plaintiff's Free Exercise Clause claim") and the Eighth Amendment.[2]  Specifically, Plaintiff alleges Defendants prevented Plaintiff's attendance at Islamic religious services after using the prison law library at the New York State Collins II Correctional Facility ("Collins II") during Ramadan, a period of required Islamic religious exercises between August and September 2009, and a deprivation of evening and morning meals required by Muslim religious exercises during Ramadan.  More particularly, according to Plaintiff, Defendants refused to allow Plaintiff to attend evening Ramadan services after using the prison law library at Collins II as Plaintiff claimed he needed to do in order to meet deadlines relating to Plaintiff's court cases.

Plaintiff's interrogatories and document requests were served April 4, 2013; however, only Defendant Damstetter ("Damstetter" or "Defendant Damstetter") served responses to Plaintiff's document requests on May 6, 2013 (Doc. No. 12) and served answers to Plaintiff's interrogatories on June 6, 2013 (Doc. No. 13).  Defendant Los ("Los" or "Defendant Los") failed to provide any responses. Defendants' response to Plaintiff's motion was filed August 2, 2013 ("Calhoun Declaration") (Doc. No. 17). Plaintiff's reply declaration was filed September 9, 2013 (Doc. No. 19) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

## DISCUSSION

Plaintiff's motion asserts Defendants failed to adequately respond to Plaintiff's Interrogatories Nos. 2, 3-6, 9-14, and 19-20 and Plaintiff's Document Requests Nos. 1,

---

[2] Defendants Thompson, Berbary and Bellamy have been dismissed for lack of personal involvement; Plaintiff's claim under the Religious Land Use and Institutionalized Person Act, 42 U.S.C. § 2000cc-1, *et seq.* was also dismissed.  Doc. No. 3.

2

2 and 3. Plaintiff's Interrogatories Nos. 2 and 20 respectively request the identity of the Muslim chaplain and inmate Muslim coordinator at Collins II. Defendants do not oppose Plaintiff's requests and have provided the identity of the Muslim chaplain but not the inmate coordinator. Calhoun Declaration ¶ 5; Plaintiff's Reply ¶ 3. Defendants do not specifically contend that the identity of the Muslim inmate coordinator is subject to prison security policy or prison confidentiality issues. Defendants shall therefore provide the identity of the Inmate Muslim Coordinator responsive to Plaintiff's Interrogatory No. 20.

Plaintiff's Interrogatory No. 3 requests the identity of each prisoner attending Ramadan services and the dates of such attendance. Plaintiff's Interrogatories Nos. 4-6, 12-14, and 19 also seek information regarding attendance by other inmates at Ramadan services and attendance at religious services by non-Muslim inmates after using the law library. Defendants assert lack of relevancy as well as prison security issues. Plaintiff's Free Exercise Clause claim requires that the Defendants' restrictions imposed a burden on Plaintiff's ability to participate in Ramadan services. *See Salahuddin v. Goord*, 467 F.3d 263, 274 (2d Cir. 2006) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)). Upon Plaintiff establishing the existence of such burden, Defendants are required to show that such restrictions were "reasonably related to legitimate penological interests." *Id.* Here, Defendants do not dispute that Plaintiff was prevented from attendance at Ramadan services after using the prison law library, ostensibly to satisfy security considerations related to the orderly and controlled movement of prisoners within the facility. For example, in response to Plaintiff's Interrogatory No. 6, which asked whether Defendants prohibited Ramadan participants

3

such as Plaintiff from attending Ramadan services after using the prison law library, Damstetter stated that "Plaintiff had the choice of attending either his Ramadan call out or the mandatory law library call out. Due to security issues relevant to the control of [prisoner] movement, plaintiff <u>could</u> <u>not</u> be allowed free movement to and from different areas of the [Collins II] facility at undesignated movement times to attend coinciding call outs (Ramadan and Law Library)." Doc. No. 13 at 4 (bracketed material and underlining added; parenthetical material in original). As Los has not responded to Plaintiff's discovery requests, the court finds Los must be deemed to agree with Damstetter's answers to Plaintiff's Interrogatories. *See* Fed.R.Civ.P. 37(d)(1)(A)(ii) (authorizing sanctions pursuant to Fed.R.Civ.P. 37(b)(2)(A)(I) – facts alleged to be taken as established – for failure to answer interrogatories). Defendant Los's unexcused failure to respond to Plaintiff's discovery requests also supports imposing as a sanction that Plaintiff's allegation, Complaint ¶ 21, that Los prevented Plaintiff's attendance at Ramadan services on August 23, 2009 be deemed to be established as a fact. *Id*. Thus, as in this case where Damstetter does not contest that Plaintiff was prevented from attendance at Ramadan services as Plaintiff alleges, and Plaintiff's related allegations against Los are deemed established, whether other Muslim prisoners may also have been prevented from doing so under these circumstances, *i.e.*, following use of the prison law library, similar to Plaintiff's allegations, is irrelevant to the elements of Plaintiff's Free Exercise Clause claim. *See Bass v. Grottoli*, 1996 WL 455016, at *5 (S.D.N.Y. Aug. 12, 1996) (where existence of challenged policy or practice not an issue, experiences of other inmates as victims of alleged discrimination based on ethnic bias not relevant).

As to Plaintiff's interrogatories directed to Plaintiff's loss of evening and morning meals for Muslim prisoners during Ramadan as a result of Defendants' restrictions on Plaintiff's participation in Ramadan services, Plaintiff's Interrogatories Nos. 7 and 8, and Plaintiff's participation in Ramadan services, Plaintiff's Interrogatory No. 9, Damstetter asserted a lack of knowledge. Doc. No. 13 at 5. A party's lack of knowledge is a reasonable response to a discovery request provided the response has a good faith basis. *See Kenneth v. Nationwide Mutual Fire Insurance Co.,* 2007 WL 3533887, at *15 (W.D.N.Y. Nov. 13, 2007) (denying defendant's motion seeking sanctions based on plaintiff's responses to interrogatories defendant challenged as insufficient where record established plaintiff's responses were made in good faith, including statement that Plaintiff lacked personal knowledge necessary to respond to interrogatory). Here, Damstetter's answer cited his lack of knowledge of Plaintiff's meal records related to the 2009 Ramadan administered by the Collins II food service. Doc. No. 13 at 5. Absent some reason not provided by Plaintiff to believe a corrections officer like Damstetter would have personal knowledge of such information in the case of Plaintiff, the court finds Damstetter's response to be acceptable. Nor does Plaintiff suggest any reason to find Damstetter would know whether Plaintiff attended any 2009 Ramadan services. However, as discussed, Discussion, *supra*, as to Los, Los's failure to respond to Plaintiff's discovery requests warrants a finding that Plaintiff's allegations, regarding Plaintiff's failure to receive required meals incident to Ramadan religious practices, be deemed to be established. Accordingly, to the extent Plaintiff's Interrogatories Nos. 3-7, 12-14, and 19 request information regarding Muslim inmates attendance at the 2009 Ramadan services at Collins II or information regarding non-Muslim inmates attendance

at other religious services, such requests seek information irrelevant to Plaintiff's claims and need not be answered.

Plaintiff's Interrogatories Nos. 10-11 seeking information regarding Plaintiff's participation in Ramadan services and Plaintiff's use of the law library during the 2009 Ramadan were answered by Damstetter. Plaintiff, nevertheless, argues the extrapolation attached to Damstetter's responses derived from actual records in Damstetter's answer to Plaintiff's Interrogatory No. 11 purporting to represent the occasions on which Plaintiff attended the 2009 Ramadan services at Collins II and used the law library, is unsatisfactory. Plaintiff's Reply ¶ 5. To the extent that this document evidences the existence of sign-in or sign-out sheets, logs or other contemporaneous records maintained in the regular course of business, upon which it was based, copies of such records should be produced but without, in accordance with the court's foregoing discussion, at Defendants' option, information regarding other inmates. Moreover, given that Damstetter concedes Plaintiff's basic allegation that Plaintiff was prevented from attending Ramadan services after using the law library and such fact is deemed, as a sanction, established as to Los, the identity of the inmates and library clerk, sought by Plaintiff Interrogatory No. 21, also requests irrelevant information. Based on the court's finding that Plaintiff's Interrogatories Nos. 3-7, 12-14, and 19 seek irrelevant information, Damstetter's objection is sustained on that ground, and it is unnecessary to address Defendant Damstetter's objections based on prisoner confidentiality and prison security.

As to Plaintiff's document requests, based on the court's discussion, *supra*, of Plaintiff's interrogatories to the extent Plaintiff's Document Requests Nos. 1-3 seek

at other religious services, such requests seek information irrelevant to Plaintiff's claims and need not be answered.

Plaintiff's Interrogatories Nos. 10-11 seeking information regarding Plaintiff's participation in Ramadan services and Plaintiff's use of the law library during the 2009 Ramadan were answered by Damstetter. Plaintiff, nevertheless, argues the extrapolation attached to Damstetter's responses derived from actual records in Damstetter's answer to Plaintiff's Interrogatory No. 11 purporting to represent the occasions on which Plaintiff attended the 2009 Ramadan services at Collins II and used the law library, is unsatisfactory. Plaintiff's Reply ¶ 5. To the extent that this document evidences the existence of sign-in or sign-out sheets, logs or other contemporaneous records maintained in the regular course of business, upon which it was based, copies of such records should be produced but without, in accordance with the court's foregoing discussion, at Defendants' option, information regarding other inmates. Moreover, given that Damstetter concedes Plaintiff's basic allegation that Plaintiff was prevented from attending Ramadan services after using the law library and such fact is deemed, as a sanction, established as to Los, the identity of the inmates and library clerk, sought by Plaintiff Interrogatory No. 21, also requests irrelevant information. Based on the court's finding that Plaintiff's Interrogatories Nos. 3-7, 12-14, and 19 seek irrelevant information, Damstetter's objection is sustained on that ground, and it is unnecessary to address Defendant Damstetter's objections based on prisoner confidentiality and prison security.

As to Plaintiff's document requests, based on the court's discussion, *supra*, of Plaintiff's interrogatories to the extent Plaintiff's Document Requests Nos. 1-3 seek

information for Muslim prisoners including Plaintiff during the relevant period of the 2009 Ramadan at Collins II, such requests also seek information irrelevant to the issue of Defendants' liability on Plaintiff's Free Exercise Clause claim. However, to the extent such records indicate whether Plaintiff attended or did not attend Ramadan services after using the prison law library during the 2009 Ramadan at Collins II such records are relevant to the issue of Plaintiff's damages, *i.e.*, the value of Plaintiff's loss of his First Amendment rights for each date of an infringement of Plaintiff's First Amendment rights, and shall be provided although, if necessary to avoid disclosure of the identities of other inmates, in redacted form.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 14) is GRANTED in part, and DENIED in part.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: October 23, 2013
      Buffalo, New York

PLAINTIFF IS ADVISED THAT ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF COURT **NOT LATER THAN 14 DAYS** AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a).